action cannot be successfully maintained. If the plaintiff does not set forth a cause of action, entitling her to a judgment, she is not entitled to an injunction pendente lite. In order to justify such an injunction, it must appear presumptively that the plaintiff is entitled to a judgment, and that does not so appear in the present case. If the tenants against whom the defendant is proceeding have just and valid defenses, no reason is disclosed why they may not successfully assert them in the summary proceedings. If they have no such defenses the prosecution of the proceedings should not be enjoined. The plaintiff is in error in assuming that, because the answers of the tenants may seek to raise the question as to whether the lease has been forfeited and terminated, the Municipal Court will thereby be ousted of jurisdiction. Quinn v. Quinn, 46 App. Div. 241, 61 N. Y. Supp. 684.

It follows that the order appealed from must be reversed, with $10 costs and disbursements, and the temporary injunction vacated, and the motion to continue it pendente lite denied, with $10 costs. All concur.

---

(115 App. Div. 275)

### HIRTENSTEIN v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.  November 5, 1906.)

STREET RAILROADS—INJURIES—ACTION—INSTRUCTIONS.

Where, in an action against a street railroad for the death of a child three years and nine months old, run over by a car, the court left to the jury the question whether the child was sui juris, defendant was entitled to an instruction that if the child was sui juris, he was bound to exercise such care and caution as was to be expected of a child of his age under the circumstances.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, § 268; vol. 37, Cent. Dig. Negligence, §§ 121–129, 393.]

Appeal from Trial Term, New York County.

Action by Aaron Hirtenstein, as administrator of the estate of Louis Hirtenstein, deceased, against the Interurban Street Railway Company. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Charles F. Brown, for appellant.
Max D. Steuer, for respondent.

INGRAHAM, J. The plaintiff's intestate was three years and nine months old. He was struck by one of the defendant's cars while attempting to cross Houston street in the city of New York, and sustained injuries which resulted in his death. The charge of the learned trial judge was very concise as to the rules of law which should govern the jury in determining the questions presented to them. The jury were not instructed as to whether the plaintiff's intestate was required to exercise any care in the use of the street.

The court, however, instructed the jury that:

"The boy was of such tender years that he is called, in the phraseology of the law, non sui juris, which may be taken to mean here that he was not of that age and capacity to be capable of contributory negligence himself. * * * So it comes to you to determine, practically, in the first instance, whether the parents were at fault at all in allowing this child to be in the street, or in not taking such care of him that he should not be in the street unattended on this occasion. If you find that they were not at fault, you will then determine whether the driver acted with the reasonable care of a person of ordinary prudence under the circumstances."

The court, then, at the request of the plaintiff, charged:

"A child three years and nine months of age is in the law considered non sui juris, meaning that the child is not of sufficient discretion to be responsible for its own acts, and cannot, therefore, be guilty of negligence.

To this charge the defendant excepted. The defendant then requested the court to charge:

"Second. The jury must determine from the evidence whether or not the plaintiff was sui juris, and the burden of satisfying their minds in this regard is upon the plaintiff."

Counsel for the plaintiff said:

"I consent to the charging of the second request in the language requested."

Whereupon the court stated:

"Upon the consent of the plaintiff, and on the request of the defendant, the court charges you."

The court then repeating to the jury the second request. The court having charged the jury as a matter of law that the child was non sui juris, at the request of both parties, left to the jury the question whether or not the child was sui juris. The counsel for the defendant then requested the court to charge:

"Fifth. If the jury find that the plaintiff was sui juris, then they must determine from the evidence whether he observed the degree of care proper to his age and condition; and if they believe that the plaintiff has not proven by a preponderance of evidence that he did exercise such care and caution, then their verdict must be for the defendant.

"Sixth. Even if the jury find that the child was non sui juris, still before they can find a verdict for the plaintiff, they must find that the child exercised the care and caution of an ordinary prudent child of the same age and circumstances."

These requests the court refused, and the defendant excepted. If it was a question for the jury as to whether or not the child was sui juris and the last instruction to the jury was that that was a question for the jury to determine, then the defendant was entitled to have the jury instructed that if they found that the child was sui juris, he was bound to exercise such care and caution as could be expected of a child of his age under the circumstances existing at the time of the accident. At the time of the accident the child was in good health. His father testified that he was a vigorous boy, in good spirits, a lively boy, and would run around with boys of his age.

From the evidence it would appear that when this boy started to cross the track the car was about 46 feet away, that the boy ran rapidly from the sidewalk, that, when he reached the middle track, he dropped

something, and then stooped to pick it up, or fell down, and the car came upon him.   One witness testified that he saw the boy as he was trying to cross the street; that he stooped down, and was looking to pick up something, and just then the car came down at full speed. A police officer on the platform of the car testified that he saw the boy leave the sidewalk, clear the first track, and stumble as he got on the second track and fell ·downward, when the horses were six feet from the boy; that as soon as the boy started to leave the curb the driver commenced to put on the brake, and, as soon as it became apparent that the boy was on the track, the driver tried to stop the car; that, from the time the driver started to stop the car until it came to a stop, it went about 20 feet.   This witness was corroborated by another passenger who was upon the front platform, by the driver of the car, and by an employé of the street cleaning department in the immediate neighborhood, who testified that he saw the boy run across the north rail, and that he slipped between the two rails and fell across the south rail.   Upon this testimony there is serious doubt whether the evidence is sufficient to sustain a finding that the defendant was negligent; but, having left it to the jury to say whether the child was sui juris, the jury should have been instructed as to the duty of the child, and that negligence on his part would bar a recovery.   I think, considering the method in which this case was submitted to the jury, that there should be a new trial.

Judgment and order reversed, and new trial directed; costs to appellant to abide event.   All concur.